NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 8 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH LAGUANA,

Plaintiff - Appellant,

v.

UNITED AIRLINES, INC.,

Defendant - Appellee.

No. 25-3978

D.C. No.
1:22-cv-00027

MEMORANDUM[*]

Appeal from the District Court of Guam
Ramona V. Manglona, Chief District Judge, Presiding

Submitted June 23, 2026[**]
Honolulu, Hawaii

Before: N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Joseph Laguana, an employee of United Airlines, requested and received

medical leave due to his asthma. After exhausting his paid leave, he went on

unpaid medical leave until he was terminated over two years later. Laguana then

brought this action against United under the Americans with Disabilities Act

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(ADA), alleging that United failed to provide reasonable accommodations for his disability. The district court granted summary judgment to United. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment de novo. *Maner v. Dignity Health*, 9 F.4th 1114, 1119 (9th Cir. 2021). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Although Laguana brought several claims against United, the only issue in this appeal is the claim that United violated the ADA by failing to provide Laguana with a reasonable accommodation beyond extended medical leave and by failing to engage in an interactive process to determine the appropriate reasonable accommodation that would allow him to perform his job. *See* 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.2(o)(3). Under the ADA, "*once* an employee requests an accommodation . . . the employer must engage in an interactive process with the employee to determine the appropriate reasonable accommodation." *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (emphasis added); *accord Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114 (9th Cir. 2000) (en banc), *vacated on other grounds*, 535 U.S. 391 (2002). But United granted Laguana's only accommodation request—extended medical leave. Laguana never requested any other accommodations from United. United satisfied

its obligation to engage in the interactive process because, at "each step of the way, [United] extended [Laguana's] leave," which was "the only accommodation requested." *Garcia v. Salvation Army*, 918 F.3d 997, 1010 (9th Cir. 2019). For that reason, Laguana's reasonable-accommodation claim fails.

**AFFIRMED.**